Roberson & Company *vs.* Pope.

---

E. M. ROBERSON & COMPANY, plaintiffs in error, *vs.* SOLOMON L. POPE, defendant in error.

No error of law on the part of the court being excepted to, this court will not control the discretion of the presiding judge in refusing to grant a new trial, when the evidence is conflicting in respect to the custom on which the suit is founded, and in respect to the damage claimed by the plaintiff.

New trial. Evidence. Before Judge HILL. Crawford Superior Court. March Term, 1876.

Reported in the opinion.

W. S. WALLACE, for plaintiffs in error.

HALL, LOFTON & BARTLETT ; WINSLOW & BRANHAM, for defendant.

Roberson & Company *vs.* Pope.

JACKSON, Judge.

Roberson & Company cultivated a large plantation on Flint river, and Pope another on the same river. Roberson & Company sued Pope for damage done by the latter's stock and cattle to their crop in the fall, before it was gathered, alleging that there were no cross fences, and could be none between the farmers for miles on said river, and that the custom was for the several planters not to turn stock on any farm until all had gathered their crops, and that Pope, disregarding the custom, had turned his stock in upon his farm, and that they had got on Roberson's, and had damaged him. There was a verdict for defendant, Pope, and Roberson & Company made a motion for a new trial on the ground that the verdict was contrary to the evidence and the law, but not attacking any ruling of the court. The court overruled the motion for a new trial; Roberson & Company excepted, and the sole question is, did the court err in refusing to set aside the verdict of the jury?

The evidence was conflicting, both in respect to the custom and the fact that the damage was done by defendant's stock and cattle, one side contending that the custom was for every planter to turn on stock as soon as he gathered his own crop, and the other side contending that the custom was to wait for all together. The jury seemed to have found that the former was the custom, and as there is evidence to support the finding, the court below was right in not reopening the question. The evidence, too, was sufficient to support the verdict, that the stock and cattle of defendant did not do the damage by any remissness on his part, as the common outside fence was very defective, even if it had been clearly shown that defendant's cattle and stock did the damage at all, about which, too, there is conflict. In view of our oft-repeated rulings, we will not control the discretion of the court in overruling the plaintiffs' motion for a new trial.

Judgment affirmed.